

**Superior Court of the District of Columbia**
*Civil Division*

Brown, B. vs Bloomberg, L.P.,           C.A. No. 04ca004169

## INITIAL ORDER

Pursuant to D.C. Code §11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case is assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued by the judge to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to any defendant who has failed to so respond, a default and judgement will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients prior to the Conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference once, with the consent of all parties, to either of the two succeeding Fridays. Requests must be made not less than six business days before the scheduling conference date. No other continuance of the Conference will be granted except upon motion for good cause shown.

May 26, 2004          Chief Judge Rufus G. King, III

Case Assigned to:    Calendar #5   (Judge Mary A. Terrell)

Initial conference: @ 9:15am   08/27/04     Courtroom: JM-1, Main Bldg., JM level
500 Indiana Ave., N.W.
Washington, D.C. 20001

04 1234

**FILED**

JUL 2 2 2004

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

00041

Plaintiff

vs.                                                     Civil Action No. _____

Janice Sluzar
Serve at Bloomberg LP  *Defendant*
499 Park Ave
NY NY 10022

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Pro SE
Name of Plaintiff's Attorney

1529 Potomac Heights Dr.                    By _____
Address                                          Deputy Clerk
Ft. Washington, MD 20744

301-265-1819                                Date _____
Telephone

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

RECEIVED
Civil Clerk's Office
MAY 26 2004
Superior Court of the
District of Columbia
Washington, D.C.

Plaintiff
Bridgett Brown
1529 Potomac Hgts Dr
Ft. Wash. MD 20744 US

0004169 04

CIVIL ACTION No. _____

Bloomberg L.P.
Karolyn Gehrig
Mironda Nash
Janice Sluzar

499 Park Ave (Headquarters)
NY, NY 10022

NPB 529 14th St NW local?
Defendants WDC 20045
202-624-1800 main line

C09

~~Serve Bloomberg LP~~

**COMPLAINT**

1. Jurisdiction of this court is founded on D.C. Code Annotated, 1973 edition, as amended, Sec. 11-921.

Wrongful dismissal; hostile intimidating environment; free speech violations; violation of terms and condition of employment; subjected to disparate treatment regarding job assignments, working conditions and supervision; subjected to verbal and physical abuse by in-charge officals; denied the opportunity for professional growth and development; discriminated against based upon my race, gender and marital status. Collectively these conditions resulted in treatment for depression and stress

Wherefore, Plaintiff demands judgment against Defendant in the sum of $ 100,000 + medical + legal + with interest and costs.

301-265-1819
Phone:

DISTRICT OF COLUMBIA, ss

Bridgett Brown, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-offs and just grounds of defense.

Bridgett Brown
(Plaintiff / Agent)

Subscribed and sworn to before me this 25th day of May 20 04

(Notary Public/Deputy Clerk)

FORM CV-1013/ Nov. 00

EEOC Form 161 (10/96)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:
Ms. Bridgette Brown
1529 Potomac Heights Drive
Fort Washington, MD 20744

From:
Equal Employment Opportunity Commission
Washington Field Office
1400 L. Street, N.W. Suite 200
Washington, D.C. 20005

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 100-2002-00673 | Dana Hutter, Acting Director | (202) 275-7037 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] We cannot investigate your charge because it was not filed within the time limit required by law.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You had 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state) _____

### - NOTICE OF SUIT RIGHTS --
*(See the additional information attached to this form.)*

Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may pursue this matter further by bringing suit in federal or state court against the respondent(s) named in the charge. If you decide to sue, you must sue **WITHIN 90 DAYS** from your receipt of this Notice. Otherwise your right to sue based on the above-numbered charge will be lost.

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. (If you file suit, please send a copy of your court complaint to this office.)

On behalf of the Commission

Dana Hutter, Acting Director

FEB 25 2004 (Date Mailed)

Enclosure(s)

Thomas Golden
Willkie Farr & Gallagher
787 Seventh Avenue
New York, NY 10019-6099

## Charge Questionnaire Response

Bridgett Renee Brown  
1529 Potomac Heights Drive

301-265-1819  
Fort Washington, MD 20744

Terminated on April 23, 2001 from position as the Foodservice Coordinator.

Former employer was Bloomberg LP

499 Park Avenue          New York, NY 10022          (Headquarters)

National Press Building          Suite 228                    (Local Office)  
529 14th Street NW                Washington, DC 20045   202-624-1800 (Main Line)

### Actions taken against me that I believe were discriminatory and resulted in harm:

- I was subjected to a work place that was contaminated by hostility, intimidation, conflictual supervisor/managerial demands, attacks on my character and my marital status.

- Free speech was policed by managers/supervisors who demanded that I not talk or speak to other employees. When I was discovered "speaking" (saying hello) to employees, I was publicly humiliated and personally harassed for doing so.

- I was discriminated against with regard to the terms and conditions of my employment. I was hired to perform duties of a food services coordinator, which included hiring, training and supervising staff, along with selecting/purchasing equipment and designing a "state-of-the-art" food services unit for the new building. However, I was relegated to performing mediocre duties, including physical labor, heavy lifting, and cleaning.

- I was denied a job description and after constantly requesting one, supervisors instructed me to "write my own." There were no written procedures, directives, or chain of command and written rules were changed from moment to moment, supervisor to supervisor, creating a sense of chaos. I attempted to resolve these matters by approaching Janice Sluszar, Head Administrator for Bloomberg Administrative Services. She responded "My managers are managing exactly the way I've instructed and want them to manage."

- Hiring, job assignments, working condition and promotions were subjected to discriminatory practices in that most highly educated minorities were hired and relegated to low-level positions, subjected to "knee jerk" managerial tactics and fired with regularity, indifference, and seemingly impunity. For example, conversely, white employees were not subjected to the same or similar treatment. A temporary employee without qualifications (Miranda) was given supervisory responsibilities over me.

- There was no effort to establish, promote or encourage professional growth opportunities, personal development, or wholesome work ethics. Instead, discrimination, hostility, instability and lack of direction, backbiting, and sabotaging of work efforts poisoned the work environment by white supervisors and managers.

- I was physically attacked by Karolyn Gehrig, a white manager, who deliberately sprayed me with Lysol without warning or provocation. On a prior occasion, during Karolyn's visit to the DC Bureau, she engaged in similar behavior. At that time she sprayed the telephone and all auxiliary equipment with Lysol after shooing away (moving her hand back and forth saying, "you need to move from here") the African American female worker, Victoria Jones, who had been assigned to the desk by another manager Mironda Nash. While spraying Ms. Gehrig commented several times, "I just can't stand germs. I hate germs." I was similarly physically hit by a manager who continued even after I told her she was hurting me and to please stop. When I complained about these acts, I was told that I was not a team player and was labeled as a <u>troublemaker</u>.

- One of my employees (black male) was fired by managerial staff without my knowledge, input, or consent and I was required to perform physical labor (heavy lifting) that this employee had previously performed.

- Eventually these conditions led me to become stressed out by a hostile work environment (intimidation, menacing, and harassment), which resulted in my illness and treatment for a stress disorder. After notifying officials that my physicians had released me to return to work on a trial basis, I was initially offered assistance with transitioning back into the work place. One day later, I was **fired**. In conjunction with and because of this firing, the conditions of the job-related stress disorder were magnified, including an inability to sleep severe stomach and gastric symptoms, severe depression, itching and hives. Within a short time, my life was transformed from a sense of well being and normality to an emotional roller coaster. Likewise, my financial status was transformed from personal security and independence to dependence, anxiety and a daily struggle to survive. I was denied access to information necessary to acquire medical coverage, benefits, Workmen's Compensation and other entitlements, thus exacerbating my stress level and necessitating further treatment for stress.

- After being fired, I was offered $9,700 as settlement, and asked to sign documents exonerating Bloomberg LP of all responsibility.

Finally, I am requesting equitable relief from pain and suffering resulting from this ordeal. Compensation for resulting injuries and loss of wages, reinstatement of medical coverage and either my position of hire or a comparable one within the company, and any and all benefits and entitlements such as promotions and stock options which were lost due to this firing.

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, I caused a true and correct copy of the foregoing document to be served by certified mail to:

Bridgett Brown
1529 Potomac Heights Drive
Fort Washington, MD 20744

Signed in Washington, DC this 22ND day of July 2004.

_____
Stephen Robertson